**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Richard L. MARKHAM,**
**Defendant–Appellant.**

No. 87–3187.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 16, 1987.

Decided April 18, 1988.

James R. Willis (argued), Cleveland, Ohio, for defendant-appellant.

Thomas Bauer, Asst. U.S. Attys., Akron, Ohio, Gregory C. Sasse (argued), Asst. U.S. Atty., Cleveland, Ohio, for plaintiff-appellee.

Before WELLFORD and GUY, Circuit Judges, and HIGGINS, District Judge.[*]

HIGGINS, District Judge.

The appeal in this case arises from the warrantless early morning search of the appellant's Winnebago motor home and the subsequent seizure of several hundred pounds of marijuana.

I.

On March 17, 1986, the Federal Bureau of Investigation (FBI) received a tip from an informant concerning the illegal activities of the appellant, Mr. Richard Markham. The informant stated that Mr. Markham, a resident of Tennessee, was in Akron, Ohio, and that Mr. Markham's Winnebago motor home, Tennessee license number 11–H85M, was parked at a residence on Fairview Avenue in Barberton, Ohio. The informant also stated that Mr. Markham was expecting a large load of marijuana which would be brought into Akron by pickup truck and transferred to Mr. Markham's Winnebago for distribution. After receiving this information, an FBI agent drove by the residence at 853 Fairview Avenue in Barberton, Ohio, where he observed a Winnebago motor home parked in the driveway.

At about 1:00 a.m. on March 18, 1986, an FBI agent and a Summit County Sheriff's officer were parked at a vantage point

---

\* The Honorable Thomas A. Higgins, Judge, United States District Court for the Middle District of Tennessee, sitting by designation.

which provided them with an unobstructed view of the premises at 853 Fairview Avenue. They observed a pickup truck enter the driveway at 853 Fairview Avenue and drive down to where the Winnebago and another pickup truck were parked. The lights in the Winnebago were turned on as the pickup truck approached it. The law enforcement agents then observed dark figures moving among the vehicles. Shortly thereafter, the pickup truck which had just entered the driveway left the premises. Large green garbage bags were lying on the bed of the pickup truck. The other pickup truck pulled out immediately behind the first truck. Three individuals were inside the second truck. One of those individuals was identified by one of the FBI agents as Richard Markham.

The agents then drove down the driveway at 853 Fairview Avenue and parked near the Winnebago. As they approached the Winnebago, they noted that the motor home's license number matched the number which they knew was registered to Richard Markham. They also noticed a strong odor of marijuana. The agents looked through the windshield of the motor home and observed numerous full large green garbage bags. No one was in or around the motor home, and the motor home was locked. An agent crawled through the window of the motor home and opened the door. The agents then conducted a warrantless search of the Winnebago. Several hundred pounds of marijuana contained in the large green trash bags were seized as a result of the search.

In a two-count indictment, the appellant was charged with (1) conspiracy to distribute marijuana and (2) distribution of marijuana, pursuant to the provisions of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. Prior to trial, Mr. Markham filed a motion to suppress the hundreds of pounds of marijuana seized during the search of his motor home. On May 23, 1986, a hearing on the motion was held before the District Court of the Northern District of Ohio. The District Court, relying on *California v. Carney*, 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985), held that a warrantless search of a mobile home does not violate the Fourth Amendment to the Constitution, as long as the mobile home is being used primarily for transportation purposes as opposed to residential purposes, and denied the appellant's motion to suppress.

On December 30, 1986, after a bench trial, the appellant was convicted on both counts and was sentenced to two fifteen-year terms to be served concurrently and a special parole term of three years. Fines totalling $250,000.00 and special assessments totalling $100.00 were also imposed on the appellant.

## II.

At oral argument, the appellant admitted that the agents had probable cause to believe that contraband was concealed in his motor home. He further conceded that he had no standing to challenge the agents' actions in entering the private driveway because he had no ownership interest in the residence at 853 Fairview Avenue. Therefore, on this appeal, the Court is only asked to determine whether, given probable cause, a warrantless search of an unattended motor home parked in a private driveway violates the Fourth Amendment of the Constitution.

The crux of the appellant's argument is that, absent exigent circumstances relating to the ready mobility of a vehicle, the automobile exception to the warrant requirement established in *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), which provides for warrantless searches of motor vehicles, is inapplicable.

The automobile exception has been addressed by the Supreme Court of the United States in the case of *California v. Carney*, 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed. 2d 406 (1985). In *Carney*, a drug enforcement agent, who had uncorroborated information that Mr. Carney's motor home was being used to exchange marijuana for sex, watched Mr. Carney approach a youth who then accompanied Mr. Carney to his motor home, which was parked in a downtown San Diego parking lot. The agent and other agents then kept the motor home under surveillance. They stopped the

youth after he left the motor home, and he told them that he had received marijuana in return for permitting Mr. Carney sexual contacts. At the officers' request, the youth returned to the motor home and knocked on the door. Mr. Carney stepped out. The agents identified themselves as law enforcement officers. Then, without a warrant or consent, one agent entered the motor home and observed marijuana, plastic bags, and a scale of the kind used in weighing drugs. Mr. Carney was taken into custody, and the agents took possession of the motor home. A subsequent search of the motor home at the police station revealed more marijuana in the cupboards and refrigerator. Mr. Carney was charged with possession of marijuana for sale. The issue in *Carney* was whether the warrantless search of Mr. Carney's motor home was proper under the automobile exception to the warrant requirement of the Fourth Amendment.

The Supreme Court held that the automobile exception is based on two primary considerations—the ready mobility of motor vehicles and the reduced expectations of privacy in motor vehicles—which justify searches without prior recourse to the authority of a Magistrate as long as the overriding standard of probable cause is met. The Court further determined that those considerations are equally applicable to motor homes and that motor homes are to be treated as automobiles insofar as the automobile exception to the search warrant requirement is concerned.

The appellant concedes that, under the holding of *Carney*, his motor home is subject to the automobile exception to the warrant requirement. The appellant contends, however, that the automobile exception is inapplicable in this case because a warrant could have been obtained while the vehicle was unattended and under surveillance, and there were, therefore, no exigent circumstances relating to the mobility of the vehicle. The *Carney* case, however, makes it clear that the automobile exception is not based solely on the immediate mobility of a vehicle. As stated by the Supreme Court:

> [A]lthough ready mobility alone was perhaps the original justification for the ve-

hicle exception, our later cases have made clear that ready mobility is not the only basis for the exception. The reasons for the vehicle exception, we have said, are twofold. [*South Dakota v. Opperman* ], 428 U.S. [364], at 367 [96 S.Ct. 3092, 3096, 49 L.Ed.2d 1000 (1976) ]. 'Besides the element of mobility, less rigorous warrant requirements govern because the expectation of privacy with respect to one's automobile is significantly less than that relating to one's home or office. *Ibid.*

*California v. Carney*, 471 U.S. at 391, 105 S.Ct. at 2069.

In fact, the Supreme Court noted that even in cases where an automobile is not immediately mobile, the lesser expectation of privacy resulting from its use as a readily mobile vehicle has justified the application of the exception. *Id.* The Supreme Court concluded that:

> When a vehicle is being used on the highways, or if it is readily capable of such use and is found stationary in a place not regularly used for residential purposes—temporary or otherwise—the two justifications for the vehicle exception come into play.

*Id.* at 392–93, 105 S.Ct. at 2069–70. The Supreme Court found that Mr. Carney's vehicle was so situated that an objective observer would conclude that it was being used as a vehicle and not as a residence, and, accordingly, upheld the warrantless search of Mr. Carney's motor home on the basis of the automobile exception. Although this case presents a variation on *Carney* because the vehicle searched was parked in a private driveway, the Court finds that the *Carney* rationale is controlling.

In *Carney*, just as in this case, agents had the motor home under surveillance and could have obtained a search warrant for the vehicle. In addition, as Justice Stevens noted in his dissent, the motor home was parked in an off-the-street lot in downtown San Diego, only a few blocks from the Courthouse, where dozens of Magistrates were available to entertain a warrant appli-

cation. However, the majority opinion did not address this issue. Clearly, the *Carney* majority, perhaps in an attempt to avoid requiring law enforcement officers to make judgment calls about the security of every vehicle which they have probable cause to search, did not contemplate that an agent's inability to obtain a search warrant be a prerequisite to the application of the automobile exception. In fact, as discussed above, the *Carney* majority held that whenever a vehicle is readily capable of use on public roads, the automobile exception is applicable.

In this case, the motor home searched was on wheels and bore Tennessee license plates. In addition, although Mr. Markham resided in Tennessee, the vehicle was parked in a driveway connected to a public street in Barberton, Ohio. Moreover, there were no utility lines connected to the motor home. Clearly, Mr. Markham's motor home was so situated that an objective observer would conclude that it was being used as a vehicle and not as a residence. Therefore, in accordance with the holding in *Carney*, the underlying considerations justifying a warrantless search under the automobile exception came into play and the warrantless search of the appellant's motor home was proper pursuant to the automobile exception to the warrant requirement of the Fourth Amendment.

### III.

The Court concludes that the search of appellant's motor home and subsequent seizure of marijuana were lawful. Accordingly, the order of the district court denying appellant's motion to suppress the evidence obtained in the search is affirmed.