15 F.3d 1094
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lomarr TILMON, Defendant-Appellant.
 No. 92-50031.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 3, 1994.
Decided Jan. 5, 1994.
 
 1
 Before: GOODWIN, HALL, Circuit Judges, and TANNER*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Lomarr Tilmon appeals his conviction and sentence for drug charges. He argues the district court erred in denying his motion to suppress and in finding that it had no discretion to depart from 21 U.S.C. Sec. 841(b)(1)(A)'s 20-year minimum. We affirm.
 
 I. BACKGROUND
 
 4
 Early in April, 1991, a confidential informant (about whom no information is available) told Los Angeles Sheriff's Deputies ("LASD") that Tilmon and Larry Croom were involved in drug trafficking. On April 30, LASD established surveillance at Croom's residence. They watched Tilmon and Croom drive various cars to various locations, including a cable store, an auto repair shop, Croom's other residence, a medical office and a self-serve car wash. At some of these locations, Croom unloaded and loaded packages including a "kilogram-sized package," which apparently contained painting labels.[1] During these trips, Croom (but not Tilmon) sometimes drove erratically, making several U-turns and stopping by the side of the road, which the government contends is "counter-surveillance" driving typical of drug traffickers.
 
 
 5
 At the suppression hearing, but not in the application for a search warrant or in any previous reports, Officer Rothans also stated that he followed Tilmon into his doctor's office and made eye contact with him. Officer Anderson (who was in a helicopter) also testified for the first time that he saw Tilmon and Croom look into the trunk of a blue Buick which they were driving and handle a brown plastic bag. When a marked police car passed them, Anderson saw them quickly close the trunk and, then, after the car had passed, "high-five" each other. No other officers testified about these events and Anderson apparently did not say anything about them until he began preparing for the suppression hearing.
 
 
 6
 Somewhat later, Sheriff Rothans, who had been following Tilmon, drove past Tilmon as he was standing beside his parked car, examining something in the trunk. Rothans felt Tilmon recognized him from their earlier encounter at the doctor's office and radioed for officers to stop him. Tilmon tossed something into the front floorboards of the car, closed the car door and trunk and began walking away from the car. Uniformed police officers then handcuffed him at gunpoint and placed him in the back of a police car.
 
 
 7
 Meanwhile, Rothans looked into the Buick and saw that the object which Tilmon had thrown onto the front floorboards appeared to be a baggy of crack cocaine. Since Tilmon did not have the key to the car, Rothans broke into the front of the car, either by smashing a window or using a coat-hanger,[2] and retrieved the baggy. Putting the baggy in his pocket, he then forcibly broke into the trunk of the car. Inside, he found a plastic bag containing additional baggies of cocaine. Rothans tore open this bag, and then photographed it. He then returned to the front of the car, placed the plastic baggy of cocaine on the floor and photographed it.
 
 
 8
 Police then arrested Croom, who was also in the area. Both men were charged with conspiracy to distribute approximately 529 grams of a substance containing cocaine base in violation of 21 U.S.C. 846 and possession with intent to distribute same in violation of 21 U.S.C. 841(a)(1). They timely moved to suppress the evidence found in the blue Buick. The district court held a suppression hearing, at which police officers and civilian witnesses testified. While expressing concern about the "credibility issues" involved,[3] the court ultimately denied the motion. Thereafter, Tilmon and Croom were tried jointly, and Tilmon, but not Croom, was convicted. After protesting the prosecutor's decision to prosecute Tilmon in federal court and his refusal to move for a downward departure, the district court reluctantly sentenced Tilmon to 20 years, the statutory minimum for an individual with a prior offense. 21 U.S.C. Sec. 841(b)(1)(A). This appeal followed.
 
 II. TILMON'S ARREST
 
 9
 Tilmon first contends that LASD officers arrested him without probable cause. However, "[w]e need not determine whether probable cause supported [a defendant's] arrest [when] we conclude that no evidence admitted at his trial was the fruit of that arrest." United States v. Sitton, 968 F.2d 947, 954 (9th Cir.), cert. denied, 113 S.Ct. 478 and 113 S.Ct. 1306 (1992). Standing alone, "illegal arrest or detention does not void a subsequent conviction." Gerstein v. Pugh, 420 U.S. 103 (1975); see also INS v. Lopez-Mendoza, 468 U.S. 1032, 1039 (1984). While "physical evidence and statements obtained as a result of such an arrest must be suppressed," United States v. Alvarez, 810 F.2d 879, 884 (9th Cir.1987), no such statements or evidence are at issue in this case.[4] Thus, we cannot reverse Tilmon's conviction on that ground.
 
 III. THE SEARCH OF TILMON'S CAR
 
 10
 Tilmon also argues that the district court erred in denying his motion to suppress the cocaine seized from his car. Although we are certainly not impressed with Officer Rothans' decision to forcibly enter Tilmon's car without a warrant and without involving other officers, we nonetheless conclude that the search did not violate the Fourth Amendment.
 
 A. Exigency
 
 11
 Tilmon first argues that the warrantless search of his car was unreasonable because his car was locked and parked and therefor no exigent circumstances justified searching without a warrant. He contends that the automobile exception to the warrant requirement should apply only to moving cars, lawfully stopped by police, and not to parked cars or non-moving vehicles. While this might be a plausible restriction on police discretion, it is not a restriction courts have adopted. See United States v. Hatley, 999 F.2d 392, 394-95 (9th Cir.1993) (vehicle exception applies to inoperable vehicle); United States v. Hamilton, 792 F.2d 837, 843 (9th Cir.1986) (vehicle exception applies to car parked in private driveway).[5] Since cases have consistently concluded that the vehicle exception applies to "inherently mobile" vehicles, even if they are not moving when searched, we must conclude that the exception applies to Tilmon's parked car. Thus, if supported by probable cause, Rothans's search is legal.
 
 B. Probable Cause
 
 12
 Tilmon also contends that Rothans did not have probable cause. In support of this claim, he argues primarily that Rothans's story of seeing the cocaine in plain view, yet not informing other officers of his find, not waiting for other officers to confirm his find and photographing the evidence after the fact, is not plausible. However, although we review a finding of probable cause to conduct a warrantless vehicle search de novo, Hatley, 999 F.2d at 394, we may not substitute our judgment of credibility for that of the district court. United States v. Vigil, 989 F.2d 337, 340 (9th Cir.), cert. denied S.Ct. 205 (1993). We must adopt the district court's factual findings unless clearly erroneous, United States v. Nohara, 3 F.3d 1239, 1241 (9th Cir.1993), and give deference to its credibility determinations. United States v. Williams, 978 F.2d 1133, 1135 (9th Cir.1992), cert. denied, 113 S.Ct. 1606 (1993).
 
 
 13
 In Tilmon's case, although the court expressed concerns about the credibility of some government witnesses,[6] it apparently believed Rothans's testimony about looking in the Buick window and seeing the plastic baggy of cocaine.[7] This finding is not clearly erroneous, and establishes probable cause.
 
 
 14
 Looking through the window of a parked car is not a search within the meaning of the Fourth Amendment. United States v. Head, 783 F.2d 1422, 1426-28 (9th Cir.), cert. denied, 476 U.S. 1171 (1986). Whether or not the officers' previous observations supplied probable cause, Rothans had probable cause to search once he saw the baggy in plain view. Cf. Nohara, 3 F.3d 1242 (seeing methamphetamine pipe in plain view established probable cause to arrest). Moreover, since Rothans had seen Tilmon remove the baggy from the trunk, he had probable cause to search the trunk and open any containers he found inside. United States v. Ross, 456 U.S. 798, 809 (1982); United States v. Spires, 3 F.3d 1234, 1237 (9th Cir.1993) (confidential informant's tip and discovery of drugs in one part of a car established probable cause to search rest of car).
 
 IV. SENTENCING
 
 15
 Tilmon also argues that the court violated his due process rights by refusing to depart from the statutory minimum contained in 21 U.S.C. Sec. 841(b)(1)(A). He notes that the district court did not feel that a 20-year sentence was warranted in Tilmon's case, felt the prosecutor overreached in filing a "two bit" state case in federal court solely to obtain a twenty-year sentence, and expressed concerns that the arresting officers lied at the suppression hearing. Regardless of our views of the sentencing minima contained in Sec. 841(b), however, we must affirm Tilmon's sentence.
 
 
 16
 We review the court's conclusion that it lacked authority to depart from Sec. 841(b)'s mandatory minima de novo. United States v. Vilchez, 967 F.2d 1351, 1353 (9th Cir.1992). However, "Congress has expressly circumscribed the authority of district courts to sentence below statutorily-mandated minimum terms of imprisonment." Id. at 1355. 18 U.S.C. Sec. 3553(e) allows courts to depart "upon motion of the government" when a defendant has rendered "substantial assistance in the investigation or prosecution of another person." However, in Tilmon's case, the government refused to make such a motion.[8] Thus, the court was presumptively without power to make such a departure, absent a showing that the government's refusal to make the motion was unconstitutionally motivated or not rationally related to any legitimate government end. Wade v. United States, 112 S.Ct. 1840 (1992). Tilmon has made no such showing. Id. at 1844.
 
 
 17
 We have no jurisdiction to review a prosecutor's decision to file in federal rather than state court, absent proof of discrimination on suspect characteristics. United States v. Oakes, No. 92-30500, slip op. 13861, 13865 (9th Cir. December 10, 1993) (citations omitted). Although the district court criticized the prosecutor's use of the enhancement as a bargaining chip, the Supreme Court has upheld this practice. Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978). If the court believed the arresting officers lied at the suppression hearing, suppression, not a downward departure at sentencing, is the appropriate remedy.
 
 
 18
 Tilmon also argues that a departure was authorized by U.S.S.G. Sec. 5K2.0, which allows a court to depart from the applicable Guidelines when "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." Even if Sec. 5k2.0 permits courts to depart from the statutory minima, as well as from the applicable Guidelines, Tilmon has not articulated a mitigating factor which would justify such a departure.
 
 
 19
 Thus, whether or not we agree with the district court that a 20-year sentence is disproportionate to Tilmon's personal history and crime, we are bound to uphold the laws of Congress if they are constitutional.
 
 
 20
 Tilmon's sentence and conviction are AFFIRMED.
 
 
 
 *
 Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The record is unclear as to the contents of the other packages; there seem to have been three total, or possibly the same one seen several times
 
 
 [2]
 Rothans and the civilian observers testified inconsistently on this point
 
 
 [3]
 The court stated that "the testimony of the officer in the helicopter could be subject to question." He also referred to Rothans as a "not totally credible individual sit[ing] up there on the stand and say[ing]: 'well, I don't think I need [a warrant]."
 
 
 [4]
 The only evidence obtained as a result of Tilmon's arrest was his post-arrest statements (1) that he did not have the key to the trunk of the blue Buick, (2) that he should just be taken to jail and (3) that neither he nor Croom knew anything about the drugs. The district court excluded these statements, based on a finding that officers did not give Miranda warnings, but admitted the latter statement to impeach Tilmon when he testified at trial under Oregon v. Hass, 420 U.S. 714, 721-24 (1975). Probable cause to search Tilmon's car arose not from statements made at arrest, but from Officer Rothans's observation of the baggy of cocaine in plain view
 
 
 [5]
 See also United States v. Chatman, 994 F.2d 1510 (10th Cir.), cert. denied, 114 S.Ct. 230 (1993) (exception applies to rental car parked in public parking lot); United States v. McCoy, 977 F.2d 706 (1st Cir.1992); United States v. Wider, 951 F.2d 1283, 1286 (D.C.Cir.1991) (car parked in public place); United States v. Tobin, 923 F.2d 1506 (11th Cir.), cert. denied, 112 S.Ct. 299 (1991) (car in garage); United States v. Perry, 925 F.2d 1077 (8th Cir.), cert. denied, 112 S.Ct. 152 (1991) (police justified in breaking into locked car after suspect exited car and walked 200 yards away where police could see stolen property through car window); Pinkney v. Keane, 920 F.2d 1090 (2d Cir.1990), cert. denied, 111 S.Ct. 2824 (1991) (exception applies where suspect parked car and went to emergency room); United States v. Ervin, 907 F.2d 1534 (5th Cir.1990) (car parked in motel parking lot); United State v. Gallman, 907 F.2d 639 (7th Cir.1990), cert. denied, 111 S.Ct. 1110 (1991) (exception applied to car parked in apartment parking lot even though defendant was arrested at time of search); United States v. Markham, 844 F.2d 366 (6th Cir.), cert. denied, 488 U.S. 843 (1988) (motor home parked in private driveway)
 
 
 [6]
 See note 3, supra. In sentencing, the district court also referred to the case as one in which "very well the officer could have been lying on" and stated that "there's some question" about whether "the officer involved was telling the truth on the motion to suppress."
 
 
 [7]
 In denying the suppression motion, the court stated "I find that there was probable cause for the search of the vehicle, that the one package of drugs that the officer had seen Tilmon remove from the back of the vehicle and then throw into the vehicle ... was in plain view and did justify the entry into the vehicle."
 
 
 [8]
 There is also no evidence that Tilmon did provide such assistance