**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 14a0613n.06**

**No. 13-3641**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

FILED
Aug 08, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| Plaintiff-Appellee, | ) | |
| v. | ) | |
| GREGORY L. JAMES, | ) | |
| Defendant-Appellant. | ) | |

BEFORE: MOORE, SUTTON, and ALARCÓN*, Circuit Judges.

ALARCÓN, Circuit Judge. Following the district court's denial of Defendant-Appellant Gregory James' motion to suppress the loaded weapon found in the vehicle he had been driving, James entered a conditional guilty plea to a single count of being a felon in possession of a firearm and ammunition, 18 U.S.C. § 922(g)(1). He reserved his right to appeal the district court's denial of his suppression motion. This appeal followed. We affirm because we conclude the search of the vehicle James had been driving was justified under the automobile exception to the warrant requirement.

**I**

At the evidentiary hearing on James' suppression motion, both James and the two Youngstown Police Department officers involved in the stop and ultimate arrest of James testified.

---

* The Honorable Arthur L. Alarcón, Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

The officers explained that they attempted to effect a traffic stop based on their observation that the windows of the vehicle James was driving appeared to be tinted to a degree that violated a local ordinance. After James accelerated, the officers activated their lights and siren, and they followed James until he stopped the vehicle in the driveway of a residence, exited the vehicle, and headed for the door of the residence. At that point, the officers drew their weapons, ordered James to the ground, and placed him in handcuffs. They smelled the strong odor of marijuana coming from James' person. One of the arresting officers testified that he asked James "if he had anything on him," and James responded that he did not. The officer then asked "if there was anything in the car," and James responded that there was a gun in the vehicle's center console and two marijuana cigarettes in the ashtray.

James testified that he told the officers about the weapon only after they were already searching his vehicle and doing so in a rough manner.

At the conclusion of the evidentiary hearing, the district court denied James' motion to suppress. As an initial matter, the district court determined that the initial stop of the vehicle was justified because the tinted windows on the vehicle James had been driving constituted a traffic violation. The district court then turned to the question of whether the officers had a right to detain James, and it noted that its conclusion was based a credibility determination. The district court found incredible James' testimony that he did not know the officers were behind him or that their lights and siren were activated in an effort to get him to pull over. The district court also found incredible James' testimony that the officers' search of his vehicle was what caused him to tell them about the firearm. At the same time, the district court found credible the officers' testimony

regarding James' tinted windows, the fact that James ran a stop sign, and the fact that James was fleeing and eluding. The district court reasoned that, even assuming that James was not intentionally fleeing and eluding, because he pulled into the driveway and got out of the car without acknowledging the presence of the police behind him, it was reasonable for the officers to detain him based on reasonable suspicion that James was trying to flee and to elude the officers.

Next, the district court considered whether the search of the vehicle James had been driving was justified. The court concluded that, under the automobile exception, the officers had a right to search the vehicle based on the smell of marijuana coming from James' person.

The district court then considered James' argument that the search of the vehicle was not valid because the officers had not read him his *Miranda* rights when they asked him questions that resulted in his statements about the presence of the weapon and marijuana in the vehicle. The district court concluded that a *Miranda* warning was not required because the officers had asked James the questions about whether he had anything on his person or in his vehicle for purposes of ensuring officer safety. The court then reiterated that, whether or not a *Miranda* warning should have been given, the odor of marijuana still would have been sufficient to justify the search under the automobile exception.

Finally, the district court concluded that the inventory search and inevitable discovery doctrines also justified the search that led to the discovery of the weapon.

Following the district court's denial of his motion to suppress, James entered his conditional guilty plea. Following his conviction and sentencing, James filed a timely notice of appeal.

**II**

James challenges on appeal the district court's rulings regarding: the officer safety exception to the *Miranda* requirement, the automobile exception to the warrant requirement, the inventory search exception, and the inevitable discovery doctrine. He also asserts that the district court erred when it failed to conclude that his consent to the search of the vehicle was involuntary, an issue James concedes "the parties addressed . . . in passing" below.

We review the district court's factual findings on a motion to suppress for clear error and its legal conclusions de novo. *United States v. See*, 574 F.3d 309, 313 (6th Cir. 2009). The burden of proof is on the defendant to demonstrate "a violation of some constitutional or statutory right justifying suppression." *United States v. Rodriguez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003) (internal quotation marks and citation omitted). When, as here, the district court denied the motion to suppress, we review the evidence "'in the light most favorable to the government.'" *United States v. Bell*, 555 F.3d 535, 539 (6th Cir. 2009) (quoting *United States v. Pearce*, 531 F.3d 374, 379 (6th Cir. 2008)).

Because we agree with the district court's determination that the automobile exception to the warrant requirement applies and provides adequate justification for the search that resulted in recovery of the weapon on which the count of conviction is based in this case, we need not–and do not–address the district court's alternative justifications for the legality of the search of James' vehicle.

"The Fourth Amendment forbids law enforcement officers from making unreasonable searches and seizures, 'and its protections extend to brief investigatory stops of . . . vehicles that fall

short of traditional arrest.'" *United States v. Luqman*, 522 F.3d 613, 616 (6th Cir. 2008) (quoting

*United States v. Arvizu*, 534 U.S. 266, 273 (2002)). "In order to effect a traffic stop, an officer must

possess either probable cause of a civil infraction or reasonable suspicion of criminal activity."

*United States v. Lyons*, 687 F.3d 754, 763 (6th Cir. 2012). "Reasonable suspicion to perform a traffic

stop may ripen into probable cause to search a vehicle based on the officer's interactions with the

vehicle's occupants." *Id.* at 769–70.

"Under the automobile exception to the warrant requirement, an officer may perform a

warrantless search of a detained vehicle should the officer have probable cause to believe the vehicle

contains contraband or evidence of criminal activity." *Id.* at 770. The Supreme Court has held that

"the automobile exception is based on two primary considerations–the ready mobility of motor

vehicles and the reduced expectations of privacy in motor vehicles–which justify searches without

prior recourse to the authority of a Magistrate as long as the overriding standard of probable cause

is met." *United States v. Markham*, 844 F.2d 366, 368 (6th Cir. 1988) (citing *California v. Carney*,

471 U.S. 386, 391 (1985)). "'[P]robable cause exists when there is a fair probability, given the

totality of the circumstances, that contraband or evidence of a crime will be found in a particular

place.'" *United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003) (quoting *United States v.*

*Davidson*, 936 F.2d 856, 859 (6th Cir. 1991) (quoting *United States v. Loggins*, 777 F.2d 336, 38

(6th Cir. 1985) (per curiam))).

Here, James does not contest the district court's determination that the initial stop of the

vehicle he was driving was justified due to the officers' observation of the vehicle's tinted windows.

Nor does James challenge the district court's adverse credibility determination, which relates to the

reasonableness of the officers' decision to detain him and the events that prompted him to tell the officers that the weapon was in the vehicle. Accordingly, the sole question before this Court is whether the officers had probable cause to search the vehicle James had just exited.

James is correct that, although this Court has long recognized that the odor of marijuana emanating from a vehicle can establish probable cause to believe there is marijuana in the vehicle, Sixth Circuit precedent has not established that the smell of marijuana on the driver of a vehicle can give rise to probable cause to search the vehicle for marijuana. *See, e.g., United States v. Elkins*, 300 F.3d 638, 659 (6th Cir. 2002) ("This court has held that an officer's detection of the smell of marijuana in an automobile can by itself establish probable cause for a search."); *United States v. Garza*, 10 F.3d 1241, 1246 (6th Cir. 1993) (concluding that a law enforcement officer's smelling marijuana while looking inside of a truck during the course of a *Terry* stop "constituted probable cause to believe that there was marijuana in the vehicle" and that "[o]nce this probable cause existed, a search warrant was not necessary"). James' argument fails to recognize, however, that the probable cause inquiry looks to the totality of the circumstances. *Helton*, 314 F.3d at 819.

Here, the totality of the circumstances included James' evasive conduct after the officers clearly signaled him to stop and the strong smell of marijuana emanating from his person immediately upon exiting his vehicle. The officers observed James accelerate and fail to heed one or more stop signs while a police cruiser followed him with its lights and sirens activated. They could have reasonably interpreted this behavior as an attempt to flee. A court may consider evasive action as one factor among the totality of the circumstances supporting probable cause. *See Kerns v. Bader*, 663 F.3d 1173, 1188 (10th Cir. 2011); *United States v. Humphries*, 372 F.3d 653, 657 (4th

Cir. 2004); *Tom v. Voida*, 963 F.2d 952, 960 (7th Cir. 1992) (reasoning that flight from an officer "may certainly provide information to ripen an officer's preexisting suspicions into probable cause"). The officers also observed the odor of marijuana emanating from James immediately after he exited his vehicle. The odor on James' person was not sufficient on its own to provide probable cause to search the vehicle. But the officers had additional circumstances to support their assessment that marijuana would be found in the car: They observed James exit his vehicle only seconds before they searched him and confirmed that he did not have any marijuana on him. Viewing these specific facts "in the light most favorable to the government," *Bell*, 555 F.3d at 539 (internal quotation marks omitted), there was a fair probability that James was in possession of marijuana during the time period that the officers observed him, and that, because none was found on James' person, it would be found in the car James had just exited. The combination of these circumstances–evasive action, the odor of marijuana emanating from an individual, the failure to find any marijuana on his person, and the observation that he had exited a vehicle only seconds before he was searched–provided probable cause for the officers to believe they would find contraband in James' automobile.

Accordingly, viewing the evidence in the light most favorable to the Government, the record demonstrates that there was at least a fair probability that contraband or evidence of a crime would be found in the vehicle James had just exited. We are persuaded that the district court correctly concluded that the search of the vehicle James was driving at the time of his arrest was justified under the automobile exception to the warrant requirement.

**III**

For the foregoing reasons, we AFFIRM the district court's denial of James' motion to suppress and, therefore, AFFIRM his conviction.