UNITED STATES of America, Plaintiff–Appellee,

v.

Ralph HATLEY, Defendant–Appellant.

No. 92–30126.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 7, 1993.

Decided July 8, 1993.

---

Des Connall and Wayne Mackeson, Portland, OR, for defendant-appellant.

Fred N. Weinhouse, Asst. U.S. Atty., Portland, OR, for plaintiff-appellee.

Before: D.W. NELSON, TROTT, and T.G. NELSON, Circuit Judges.

TROTT, Circuit Judge:

Ralph G. Hatley appeals his conviction for three counts of distribution of cocaine and one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1988). Hatley alleges on appeal that a search by police officers of an automobile that turned out to be inoperable violated his Fourth Amendment rights, and that the fruits of that search should therefore have been suppressed. Hatley also contends he was entitled to a two-level reduction under the Sentencing Guidelines for being a minor participant. United States Sentencing Commission, *Guidelines Manual,* § 3B1.2 (Nov. 1991).

The district court heard pretrial motions on December 12, 1991 and denied appellant's motion to suppress evidence. Appellant waived his right to a jury trial and the case was tried to the court on stipulated facts. The district court found appellant guilty on all four counts and sentenced him to 51 months in prison based on a Guideline range of 51 to 63 months.

I

An informant purchased one-sixteenth ounce of cocaine from appellant on three separate occasions. Following the three "controlled buys," the informant arranged to purchase one-half pound of cocaine from the appellant for $6,900.00. Appellant and the informant agreed that the appellant would deliver the cocaine to the informant's house on September 11, 1991.

Law enforcement officers surveilled appellant's residence and observed appellant retrieve a box from one of his cars, a Honda. Appellant took this box into his residence.

He then returned outside to retrieve a second box from another of his cars parked in the driveway, a Corvair.

Following a telephone call from the informant to the appellant finalizing the details of the purchase, the officers observed appellant leave the residence with the two boxes. He placed one box in the Corvair and the second box in the Honda. Appellant then drove the Honda away from the house.

The officers stopped appellant, took him back to his home, and advised him of his Miranda rights. After a discussion with Deputy Sheriff Susan Lambert in which she inappropriately threatened to take appellant's child into custody, appellant signed a consent form for police to search the two cars. Without a search warrant, law enforcement officers then seized eight ounces of cocaine from a closed container in appellant's Honda and 19 ounces of cocaine from a closed container in the Corvair. The Corvair was parked in the driveway of appellant's residence and according to appellant's testimony had been inoperable for four months. The officers were not aware that the Corvair was inoperable at the time they searched it.

■ In connection with a motion to suppress evidence seized from the automobiles, the district court held that because appellant believed his child would be taken into custody if he refused to consent to the search, the consent was not voluntary. The record fully supports this conclusion. Deputy Lambert's manifestly improper behavior rendered defective the signed consent form as a basis for the admissibility of anything found in the defendant's cars. The court correctly held, however, that probable cause existed to search the cars independent of Deputy Lambert's misconduct, and the disputed evidence was admitted for all purposes. *See United States v. Parr*, 843 F.2d 1228, 1232 (9th Cir.1988) ("police who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed within the car may make a probing search of compartments and containers."); *see also California v. Carney*, 471 U.S. 386, 390, 105 S.Ct. 2066, 2068, 85 L.Ed.2d 406 (1985) (vehicles subject to different treatment than fixed buildings); *Murray v. United States*, 487 U.S. 533, 537, 108 S.Ct. 2529, 2533, 101 L.Ed.2d 472 (1988) (" '[T]he interest of society in deterring unlawful police conduct and the public interest in having juries receive all probative evidence of a crime are properly balanced by putting the police in the same, not a *worse*, position that they would have been in if no police error or misconduct had occurred....' " (quoting *Nix v. Williams*, 467 U.S. 431, 443, 104 S.Ct. 2501, 2509, 81 L.Ed.2d 377 (1984))).

## II

■ Appellant contends the district court erred in refusing to suppress the cocaine seized from the Corvair. He argues that the vehicle exception does not apply because the Corvair was inoperable and on his property at the time of the search. The issue of the lawfulness of an automobile search is a mixed question of fact and law which is reviewed de novo. *United States v. Vasey*, 834 F.2d 782, 785 (9th Cir.1987).

Law enforcement officers are entitled to search an automobile without first obtaining a warrant in those cases where the police "have probable cause to believe that an automobile contains evidence of a crime ..." *United States v. Alvarez*, 899 F.2d 833, 839 (9th Cir.1990), *cert. denied*, 498 U.S. 1024, 111 S.Ct. 671, 112 L.Ed.2d 663 (1991). This "vehicle exception" to the warrant requirement is founded on two basic principles. First, automobiles are mobile and "can be moved quickly outside the jurisdiction of the magistrate from whom the warrant must be sought." *United States v. Hamilton*, 792 F.2d 837, 842 (9th Cir.1986). Second, "the expectation of privacy in one's vehicle is reduced by the pervasive regulations governing vehicles capable of traveling upon public roads." *Id.*

Though we have never addressed the precise issue of whether the vehicle exception applies to an inoperable vehicle, we have explicitly held that the vehicle exception applies to a search of a vehicle parked on a private driveway. *Hamilton*, 792 F.2d at 843. In *Hamilton*, police searched a motor home that was parked in a residential driveway. The motor home was attached to the home's electric utilities by an extension cord.

*Id.* at 843. The *Hamilton* court suggested several factors which bear on whether or not a vehicle comes within the automobile exception for Fourth Amendment purposes: "its location, whether the vehicle is readily mobile or instead, for instance, elevated on blocks, whether the vehicle is licensed, whether it is connected to utilities, and whether it has convenient access to a public road." *Id.* (quoting *California v. Carney,* 471 U.S. at 394 n. 3, 105 S.Ct. at 2071 n. 3).

With the exception of "whether the vehicle is readily mobile," the factors set forth in *Carney* and *Hamilton* indicate that the vehicle exception to the warrant requirement applies to the Corvair. The car was not connected to utilities, and "[b]ecause it was located in a residential driveway, it had easy access to a public road." *Id.*

Though the Corvair was not *actually* mobile, it was *apparently* mobile. There was nothing apparent to the officers to suggest the car was immobile. It was not up on blocks, and there is no information in the record to indicate the tires were flat or that wheels of the car were missing. In matters of search and seizure, we apply an objective test of reasonableness: would the facts available to the officer at the moment warrant a person of reasonable caution to believe that the car was operable? *Illinois v. Rodriguez,* 497 U.S. 177, 188, 110 S.Ct. 2793, 2801, 111 L.Ed.2d 148 (1990). As the Supreme Court held in *Rodriguez:*

> [t]o satisfy the 'reasonableness' requirement of the Fourth Amendment, what is generally demanded of the many factual determinations that must regularly be made by agents of the government— whether the magistrate issuing the warrant, or the police officer executing a warrant, *or the police officer conducting a search or seizure under one of the exceptions to the warrant requirement*—is not that they always be correct, but that they always be reasonable.

497 U.S. at 185, 110 S.Ct. at 2800 (emphasis added).

■ It would be unduly burdensome to require the police to establish that every car that appeared to be mobile was indeed mobile before making the search. We therefore hold, as the Eighth Circuit has, that the Fourth Amendment does not require that officers ascertain the actual functional capacity of a vehicle in order to satisfy the exigency requirement. *United States v. Hepperle,* 810 F.2d 836, 840 (8th Cir.) *cert. denied,* 483 U.S. 1025, 107 S.Ct. 3274, 97 L.Ed.2d 772 (1987). In this case, the Fourth Amendment's reasonableness requirement was met because the officers reasonably believed the car was mobile.

## III

■ Appellant argues the district court erred in refusing to consider him a minor participant for purposes of sentencing. The Sentencing Guidelines permit a two-level reduction if the court finds the defendant was a minor participant in the offense. U.S.S.G. § 3B1.2. A minor participant is any participant who is less culpable than most other participants, but whose role could not be described as minimal. Section 3B1.2 provides:

> Based on the defendant's role in the offense, decrease the offense level as follows: (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels. (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels. In cases falling between (a) and (b), decrease by 3 levels.

U.S.S.G. § 3B1.2. The issue of whether a defendant is a minor or minimal participant in a criminal offense under the particular facts of the offense is reviewed for clear error. *United States v. Zweber,* 913 F.2d 705, 708 (9th Cir.1990). The district court's legal interpretation of the Guidelines is reviewed *de novo. Id.*

The district court held that appellant was not a minor participant under any circumstances or interpretation of the law. Based on the record, we agree. Appellant and a codefendant, Jose Vasquez Montenegro, were charged in state court with possession of cocaine, delivery of cocaine, and conspiracy to deliver cocaine based on their conduct between September 8 and 11, 1991. Appellant argues that the district court erred in refusing to consider Vasquez's conduct and compare it with that of appellant. Appellant contends that had the court engaged in such

a comparison, it would have concluded that Appellant should receive a two-point reduction for being a minor participant.

We reject Appellant's contention. In *Zweber*, appellants were charged with separate counts of distribution. Appellants argued they should be considered part of a larger cocaine conspiracy for sentencing purposes in order to get the role reductions, despite the fact that they were not charged with or convicted of conspiracy. *Zweber*, 913 F.2d at 708. The court declined to grant them this advantage, however, and held that an adjustment in offense level based on role must be for a role in the offense of conviction only, not for the role in collateral conduct. *Id.* at 709.

Appellant urges us to overrule our decision in *Zweber* because of the amended Introductory Commentary to Chapter 3, Part B of the Guidelines. The amended Introductory Commentary to Chapter 3, Part B discusses the relationship between § 1B1.3 (Relevant Conduct) and §§ 3B1.1 and 3B1.2. It states, "The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 ... and not solely on the basis of elements and acts cited in the count of conviction." U.S.S.G. Ch. 3, Pt. B, intro. comment.

In *United States v. Lillard*, 929 F.2d 500, 503 (9th Cir.1991), we stated that the rule in *Zweber*, as applied to adjustments for minor role under § 3B1.2, was not inconsistent with the amended Introductory Commentary to Chapter 3, Part B. In *Lillard*, we commented:

> The new commentary, added after this court's decision in *Zweber*, is not inconsistent with that decision as to § 3B1.2. The defendants in *Zweber* wanted the court to consider their mitigating roles in the context of a large drug conspiracy, rather than their aggravating roles in the one conviction count of drug distribution. *Zweber*, 913 F.2d at 708. The commentary follows *Zweber*: 'where the defendant has received mitigation by virtue of being convicted of an offense significantly less serious than his actual criminal conduct, ... a

further reduction in the offense level under § 3B1.2 ... ordinarily is not warranted....' U.S.S.G. Ch. 3, Pt. B, intro. comment.

929 F.2d at 503.

In *Lillard*, we held that § 3B1.1, referring to sentence enhancement for role in the offense, was not limited to the offense of conviction but for purposes of § 3B1.2, referring to sentence reduction on the basis of role in the offense, only the offense of conviction can be considered. We explained:

> Our different treatment of 'offense' in § 3B1.1 furthers the goals of sentence uniformity and proportionality. A defendant, who is part of a large drug conspiracy but convicted only of possession, should not be rewarded for his participation in the conspiracy by receiving a lighter sentence than one who was convicted of possession but had no connections to a larger scheme.

*Id.* Thus, we held that a court can consider conduct outside the offense of conviction for purposes of enhancing the sentence under § 3B1.1.

Finally, in *United States v. Valdez–Gonzalez*, 957 F.2d 643 (9th Cir.1992), we approved of the district court's holding regarding § 3B1.2. The district court held that it could not consider a downward adjustment for the defendants under § 3B1.2 because they were the sole participants in the offenses to which they pleaded guilty. *Id.* at 648.

In the instant case, Vasquez was not charged in federal court with the distributions of August 18th, September 3rd, September 9th and September 11th for which appellant was convicted. Appellant as the sole defendant in the federal offenses cannot be considered a minor participant under § 3B1.2.

■ Even if we were to consider Vasquez's conduct for purposes of sentencing appellant, we would not find the district court was clearly erroneous in its holding that appellant was not a minor participant. Appellant argues that if the court had compared his conduct to that of Vasquez, it would have been compelled to find that appellant was less culpable and therefore entitled to a finding that he was a minor participant. Appellant urges us to review de novo.

This court has, however, consistently held that defendants are not automatically entitled to minor participant status merely because they are found to be less culpable.

*United States v. Molina,* 934 F.2d 1440, 1452 (9th Cir.1991); *United States v. Andrus,* 925 F.2d 335, 338 (9th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 249, 116 L.Ed.2d 204 (1991); *United States v. Rexford,* 903 F.2d 1280, 1282 (9th Cir.1990). Moreover, in *Rexford,* the court held:

> A district court's finding that a defendant does not qualify for minimal or minor participant status is ... heavily dependant on the facts of the particular case, and should be upheld unless clearly erroneous.'

*Rexford,* 903 F.2d at 1282 (quoting *United States v. Christman,* 894 F.2d 339, 341 (9th Cir.1990) (internal quotations omitted)).

In the instant case, the conclusion that the defendant was not a minor participant was fully justified under any test. The presentence report stated:

> [T]here is no information from official reports which would suggest that role adjustments are appropriate in this case.... In the current offense, the defendant was involved in three controlled cocaine buys which culminated in the defendant's arrest shortly after he agreed to supply a CRI with one half pound of cocaine. A search of the defendant, his residence, and his car subsequent to his arrest resulted in the seizure of over 700 grams of cocaine, a weapon, and currency which the defendant admitted was proceeds from cocaine sales. Defense counsel argues that the codefendant was involved in 'fairly high level' cocaine distribution, but his participation in the current offense appears limited to having been in the defendant's apartment at the time the search warrant was served.

Presentence Report, Addendum, p. 2. On the basis of these facts, we hold the district court's conclusion that appellant was not a minor participant was fully justified.

On the basis of the foregoing, we hold the police search of Hatley's apparently mobile Corvair did not violate Hatley's Fourth Amendment rights. We also hold the district court correctly determined that Hatley was neither a minimal nor a minor participant in the drug trafficking events resulting in his conviction. Accordingly, the district court's judgment and sentence are **AFFIRMED**.