10 F.3d 808
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Walter Howard BUTLER, Defendant-Appellant.
 No. 92-30466.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1993.
Decided Nov. 23, 1993.
 
 1
 Before: REINHARDT, BRUNETTI and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Walter Howard Butler appeals his conviction of two counts of distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). He contends that the district court erred in denying his motions to dismiss the indictment based on alleged outrageous governmental conduct and in excluding extrinsic evidence of the informant's drug use and drug dealing. He also claims that the district court clearly erred in calculating Butler's offense level by denying a minor participant reduction pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 3B1.2(b) (Nov. 1991). We affirm.
 
 DISCUSSION
 A. Outrageous Governmental Conduct
 
 4
 Scott Tredwell was employed by the Oregon State Police Youth Gang Strike Force as an informant. He was paid $200 for each drug transaction he completed in addition to a $300 weekly stipend. Tredwell purchased cocaine from Butler on two occasions, which formed the basis of the two distribution counts of which Butler was convicted. Butler moved to dismiss the indictment on the ground that the financial arrangement constituted outrageous governmental conduct. This per transaction "bounty," Butler contends, encourages the informant to entrap otherwise law-abiding citizens.
 
 
 5
 An indictment will not be dismissed unless the government's conduct is "so grossly shocking and so outrageous as to violate the universal sense of justice." United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991). "[T]he government's conduct must amount to the 'engineering and direction of [a] criminal enterprise from start to finish.' " United States v. Barrera-Moreno, 951 F.2d 1089, 1092 (9th Cir.1991) (quoting Smith, 924 F.2d at 897) (alteration in original), cert. denied, --- U.S. ----, 113 S.Ct. 417, 121 L.Ed.2d 340 (1992).
 
 
 6
 It has long been an accepted practice to pay government informants. See United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992). The remuneration involved here is not nearly as outrageous as the $90,000 paid to the informant in Winslow. The per transaction payment is not shocking on its face. See United States v. Olson, 978 F.2d 1472, 1482 (7th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1614, 123 L.Ed.2d 174 (1993). The jury rejected Butler's defense that he was pressured by Tredwell to sell cocaine. Thus, the per transaction "bounty" was apparently not abused by the informant in this case. The district court properly denied Butler's motion to dismiss the indictment.
 
 B. Exclusion of Evidence
 
 7
 Fed.R.Evid. 608(b) provides that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility ... may not be proved by extrinsic evidence." Evidence which could be excluded under Rule 608(b) may nevertheless be admitted to show the bias or prejudice of a witness. See United States v. Abel, 469 U.S. 45, 56, 105 S.Ct. 465, 471, 83 L.Ed.2d 450 (1984).
 
 
 8
 Butler proffered testimony from three witnesses concerning drug use and drug dealing by Tredwell during the time that he was working as an informant. Butler's theory was that Tredwell was selling drugs to William Martin for Tredwell's personal profit. In order to keep his informant job, Tredwell had to produce drug transactions for the police. Therefore, Tredwell entrapped Butler into selling drugs, which netted Tredwell $200 and protected Martin. The proffered evidence, Butler argues, showed Tredwell's bias and self-interest and was particularly relevant to Butler's entrapment defense.
 
 
 9
 Evidence that Tredwell was dealing on the side does not tend to prove that Butler was entrapped. Tredwell had to produce drug transactions to keep his job (and to keep the $200 per transaction bonuses flowing) regardless of whether he was dealing with anyone else for his personal profit. Tredwell actually brought Martin's activities to the attention of the Strike Force, but it decided not to pursue Martin. Thus, Butler's theory that Tredwell was protecting Martin has no basis in the evidence.
 
 
 10
 Evidence of Tredwell's double dealing would tend to show bias or prejudice if there was an indication that the government knew of it. See United States v. Noti, 731 F.2d 610, 613 (9th Cir.1984); cf. United States v. Ray, 731 F.2d 1361, 1364-65 (9th Cir.1984) (reversible error to preclude cross-examination to show that witness continued to sell drugs after he pled guilty; defendant told government about witness's dealings which may have prejudiced witness to shade his testimony against defendant). There was none. Without other information to connect Tredwell's drug dealing with his participation in the investigation of Butler, the evidence simply contradicts Tredwell's testimony that he was not dealing or using drugs. It was not probative of any issue in the case. Noti, 731 F.2d at 613; see United States v. Kizer, 569 F.2d 504, 505-06 (9th Cir.), cert. denied, 435 U.S. 976, 98 S.Ct. 1626, 56 L.Ed.2d 71 (1978). Even if the evidence did cast doubt on the purity of Tredwell's motive to inform, because there is inconsistency between wanting to clean up drug activities and participating in them, the laudability of his motive is rather tangential. At any rate, a good deal of evidence was admitted to suggest that his motives were venal.
 
 
 11
 Because it was not relevant to bias or motive, the proffered evidence of drug use and drug dealing was essentially for the purpose of attacking credibility by contradicting Tredwell's testimony. As such, it was an attempt to bring forward specific instances of conduct and was barred by Rule 608(b). Butler was stuck with Tredwell's denial. United States v. Brooke, 4 F.3d 1480, 1484 (9th Cir.1993); United States v. Bosley, 615 F.2d 1274, 1276-77 (9th Cir.1980); 1 Kenneth S. Brown et al., McCormick on Evidence Sec. 45 at 170, Sec. 49 at 182 (John W. Strong ed., 4th ed. 1992).
 
 C. Minor Participant Reduction
 
 12
 Whether a defendant was a minor participant in criminal activity is a determination which "is heavily dependent upon the facts of the particular case," U.S.S.G. Sec. 3B1.2, comment. (backg'd.) (Nov. 1991), and is reviewed for clear error. United States v. Hatley, 999 F.2d 392, 395 (9th Cir.1993). The burden is on the defendant to prove by a preponderance of the evidence that a downward adjustment is merited. United States v. Howard, 894 F.2d 1085, 1089-90 & n. 4 (9th Cir.1990).
 
 
 13
 The district court found that Butler was involved in and controlled the negotiations for both cocaine transactions, he delivered the drugs and he received the cash. Butler claims that the drugs actually belonged to Steve Bowden, that Butler was only acting as an intermediary, and that he did not personally profit from the transactions. A defendant may be less culpable than other participants, but that does not necessarily entitle him to a minor role adjustment. See Hatley, 999 F.2d at 395-97; United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990). The fact that Bowden may have played a greater role than Butler in a larger drug operation which was not the subject of the charges in this case does not undermine the district court's finding that Butler was not a minor participant in the two distributions of which he was convicted. That finding is supported by the evidence and is not clearly erroneous.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3