41 F.3d 1514
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juventino DIAZ-CANO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arturo FLORES-PACHECO, Defendant-Appellant.
 Nos. 93-50462, 93-50633.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 12, 1994.
Decided Nov. 9, 1994.
 
 Before: FEINBERG,* SCHROEDER, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants Juventino Diaz-Cano and Arturo Flores-Pacheco appeal after entering conditional guilty pleas. Each challenges the legality of a different automobile search. Appellant Pacheco pled guilty to money laundering in violation of 18 U.S.C. Sec. 1956(a)(2)(A)(B)(i) and now appeals the district court's denial of his motion to suppress evidence found in a police search of his car's trunk. Appellant Cano pled guilty to conspiracy and possession with intent to distribute approximately 50 kilograms of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). He challenges both the validity of his consent to the search of his car and the existence of probable cause to support a non-consensual search.
 
 I.
 
 3
 Pacheco was arrested and his car searched after police surveillance activities led agents to believe that Pacheco was involved in narcotics trafficking. The police had undertaken the surveillance at a residence on Teton Street in Apple Valley, California, after a car was seen at that location that had also been seen at a house where 700 kilograms of cocaine had recently been seized. Activities at the Teton residence led the police to stop and search a truck that left the residence. That truck was found to contain approximately $1.7 million in cash. The police then radioed for the arrest of appellant who had just left the residence driving a different car, a silver Oldsmobile.
 
 
 4
 We agree with the district court that there was probable cause to search the Oldsmobile. The officer who radioed for the arrest had knowledge of many circumstances that led him to believe that Pacheco was involved in drug trafficking. As the district court explained, that knowledge included awareness
 
 
 5
 of a nexus between the Teton residence and the Acton location where over 700 kilograms of cocaine had been seized; that the blue Toyota had arrived at the Teton residence heavily loaded; that defendant Pacheco had been seen performing countersurveillance in front of the Teton residence when both the blue Toyota and the black Oldsmobile arrived at the Teton residence; that the driver of the black Oldsmobile ... was seen using a cellular telephone; that defendant Pacheco handed a piece of paper to the driver of the blue Toyota immediately before the blue Toyota departed the Teton residence and was found to contain approximately $1.7 million in cash.
 
 
 6
 ER at 176. Based on these circumstances, the district court concluded, "it was reasonable for Detective Belknap to believe that other vehicles leaving the residence also might contain evidence of narcotics trafficking." Id.
 
 
 7
 Appellant nevertheless challenges the search on the ground that the officer who received the radio message to arrest the appellant and who stopped the car and began a car search, did not have knowledge of all of the circumstances that had given rise to the arrest order. Appellant contends that in the absence of personal knowledge of probable cause, the arresting officer engaged in an improper "inventory" search. We need not determine the validity of the inventory search, however, because it is clear that the collective knowledge of the officers involved in the investigation may be considered in determining whether there was probable cause to support a warrantless search of an automobile. See United States v. Bernard, 623 F.2d 551, 560-1 (9th Cir.1979) (separate facts known to several officers can be accumulated to meet probable cause requirement).
 
 II.
 
 8
 The challenged search of Cano's car, a Ford Taurus, occurred in the driveway of his house, after police had witnessed a car switch that they believed was a part of drug trafficking activity. At the time of Cano's arrest, police had already stopped and searched several other cars containing U-Haul boxes whose contents yielded evidence of substantial drugs. The other cars had all picked up the boxes at a site where Cano had been observed loading similar boxes in his Taurus.
 
 
 9
 Cano was arrested at a shopping mall, in a different car, and taken back to his home where his Taurus was searched. The district court found that the Taurus search was based upon valid consent given at the mall. On appeal, Cano challenges the validity of the consent, claiming that it was coerced by a Spanish-speaking officer's spoken threat that Cano's daughters would be jailed. He also points to the detention of his daughters in a police car, coupled with a two-hour delay at the mall while police waited for an interpreter, as coercive of his consent.
 
 
 10
 The record is conflicting as to whether any threat was actually made. Cano testified that Officer Perez made the threat, but the officer denied it. There is some confusion as to whether there may have been a different Spanish-speaking officer present. The district court resolved the credibility issues against the defendant, and we see no basis for disturbing that decision. It was not clearly erroneous.
 
 
 11
 As to the detention of the daughters, we note that the district court found that the detention itself was illegal. However, such detention while awaiting an interpreter does not appear to rise to the level of coercion that occurred in United States v. Hatley, 15 F.3d 856 (9th Cir.1994), on which the appellant relies. There, this court found an officer's behavior "manifestly improper" where he threatened to take the defendant's child into custody if he refused to consent to a car search. Id. at 858. In Hatley, however, even though we found that police misconduct vitiated the defendant's consent, we nonetheless upheld the car search because it was supported by probable cause. Id. We therefore need not rest our decision in this case on the issue of consent. Probable cause for this automobile search, as required by the "vehicle exception" to the warrant requirement, is apparent in the record and therefore justifies affirmance of the district court. In re BFP, 974 F.2d 1144, 1146 (9th Cir.1992), aff'd sub nom. BFP v. RTC, 114 S.Ct. 1757 (1994) (appellate court can affirm on any ground apparent in record).
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3