43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juvenal Ceja MENDOZA, Defendant-Appellant.
 No. 94-30198.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 9, 1994.
 
 Before: D.W. NELSON, HALL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juvenal Ceja Mendoza appeals his 78 month sentence imposed following his guilty plea to possession with intent to distribute a controlled substance in violation of 21 U.S.C. Sec. 841(a)(1). Mendoza contends that the district court erred in refusing a downward adjustment based on his role in the offense under United States Sentencing Guidelines ("U.S.S.G.") Sec. 3B1.2. We have jurisdiction under 28 U.S.C. Sec. 1291 and review for clear error a district court's finding that a defendant does not qualify for minor or minimal participant status. United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994). We affirm.
 
 
 3
 A defendant's offense level can be decreased if he is a minimal or minor participant in the criminal activity. U.S.S.G. Sec. 3B1.2. The defendant plays a minor role if he is "less culpable than most other participants." Id., comment. (n. 3). A minimal participant can be "an individual ... recruited as a courier for single smuggling transaction involving a small amount of drugs." Id., comment. (n. 2). However, a drug courier is not automatically qualified as a minor or minimal participant, entitled to a downward adjustment. See Davis, 36 F.3d at 1436. Denial of a downward adjustment is appropriate "where some additional facts showing that [the drug courier was] not a minor or minimal participant existed." Id. at 1436-37 (drug courier not a minimal or minor participant because he knew he was transporting drugs and was prepared to receive money in return); see also United States v. Hatley, 15 F.3d 856, 859-60 (9th Cir.1994) (cocaine seized at drug courier's residence after his arrest helped justify the district court's conclusion that he was not a minor participant); United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991) (involvement of a substantial amount of drugs provided additional showing of drug courier's role).
 
 
 4
 Mendoza asserts that he was a "mule" or "courier" in the drug transaction. However, even if Mendoza was only a courier, he was still not a minor or minimal participant. See Davis, 36 F.3d at 1436. Mendoza possessed approximately 706 grams of cocaine, knew he was transporting cocaine to sell, and was prepared to receive money for his participation.[1] A subsequent search of Mendoza's residence resulted in the seizure of nearly 100 additional grams of cocaine. Thus, the district court committed no clear error in refusing a downward adjustment under Sec. 3B1.2. See Davis, 36 F.3d at 1436-37; Hatley, 15 F.3d at 859-60; Lui, 941 F.2d at 849.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mendoza stated to the United States Probation Officer that he found out about the proposed sale of narcotics on his way to the transaction site and "might make a little money from his assistance."