46 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dary Ray ADWAY, Defendant-Appellant.
 No. 94-50248.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Jan. 30, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dary Ray Adway appeals his one hundred thirty-one month sentence imposed following the entry of a guilty plea to armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d), and possession of a firearm in connection with a crime of violence in violation of 18 U.S.C. Sec. 924(c) and (d). Adway contends that the district court: (1) improperly adjusted his offense level based on his co-participant's physical restraint of a bank guard; and (2) erred in refusing to grant Adway a role reduction pursuant to U.S.S.G. Sec. 3B1.2. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Adway contends that the district court erred in finding that Adway could reasonably foresee that his co-participant would physically restrain a bank guard within the meaning of U.S.S.G. Sec. 2B3.1(b)(4)(B). This contention lacks merit.
 
 
 4
 We review the district court's interpretation of the Guidelines de novo. United States v. Foppe, 993 F.2d 1444, 1452 (9th Cir.), cert. denied, 114 S. Ct. 615 (1993). We review the underlying factual findings for clear error. Id. The Guidelines require a two-level increase in a defendant's base offense level, if any person was physically restrained to facilitate commission of the offense. U.S.S.G. Sec. 2B3.1(b)(4)(B); Foppe, 993 F.2d at 1452. In the case of a jointly undertaken criminal activity, a defendant may be sentenced on the basis of "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. Sec. 1B1.3(a)(1)(B); United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir. 1990).
 
 
 5
 The district court did not clearly err in finding that Adway could reasonably foresee that his co-participant, "T", would physically restrain a bank guard during the commission of the armed bank robbery. See Garcia, 909 F.2d at 1350. Prior to entering the bank, "T" told Adway to wait a couple of seconds so he could "get the guard." "T" entered the bank first and held a guard on the floor at gunpoint. Adway then entered the bank and obtained money from the bank tellers at gunpoint. Adway knew that "T" entered the bank with a gun and that "T" would assist Adway in committing the robbery. Accordingly, the district court's finding that Adway could reasonably foresee "T's" physical restraint of the bank guard is not clearly erroneous. See U.S.S.G. Secs. 1B1.3(a)(1)(B), 2B3.1(b)(4)(B); Garcia, 909 F.2d at 1350.
 
 
 6
 Adway contends that the district court erred in concluding that it could not grant Adway a role reduction under U.S.S.G. Sec. 3B1.2. This contention lacks merit. Clearly the district court did not hold that it "could not" grant the reduction.
 
 
 7
 We review the district court's legal interpretation of the Guidelines de novo. United States v. Hatley, 15 F.3d 856, 860 (9th Cir. 1994). We review for clear error a district court's determination that a defendant was not a minor participant. United States v. Benitez, 34 F.3d 1489, 1497 (9th Cir. 1994). A defendant is entitled to a two-level reduction as a minor participant if he is "less culpable than most other participants, but [his] role could not be described as minimal." U.S.S.G. Sec. 3B1.2, comment. (n.3); Benitez, 34 F.3d at 1497. In determining whether a defendant was a minor participant in any criminal activity, the sentencing court must consider all relevant conduct, not just conduct cited in the count of conviction. U.S.S.G. Ch.3, Pt.B, intro. comment.; United States v. Hatley, 15 F.3d 856, 859 (9th Cir. 1994); see U.S.S.G. Sec. 1B1.3 (defining relevant conduct).
 
 
 8
 Here, the district court concluded that Adway was not a minor participant in the robbery. See Hatley, 15 F.3d at 860. Although Adway was the only participant charged, the court considered the conduct of Adway's co-participant in addition to Adway's own conduct. See U.S.S.G. Ch.3, Pt.B, intro. comment.; Hatley, 15 F.3d at 859-60. The court stated that Adway appeared to be the leader. Furthermore, the court concluded that Adway was at least as culpable as his co-participant since Adway assumed the more responsible role by actually committing the robbery. See Benitez, 34 F.3d at 1498. Accordingly, the district court's refusal to grant Adway a role reduction was not clearly erroneous. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3