59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Shah Mahmund DURRANI, Defendant-Appellant.
 No. 94-50643.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Shah Mahmund Durrani appeals his sentence of twelve months and one day. Durrani pleaded guilty to receipt, possession and sale of stolen property in violation of 18 U.S.C. Sec. 2315. Durrani contends that the district court clearly erred in refusing to grant him a minor role reduction pursuant to U.S.S.G. Sec. 3B1.2(b). We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review for clear error a district court's determination that a defendant was not a minor participant. United States v. Benitez, 34 F.3d 1489, 1497 (9th Cir.1994), cert. denied, 115 S.Ct. 1268 (1995). The defendant has the burden of proving that he is entitled to a minor role reduction by a preponderance of the evidence. United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995). A defendant is entitled to a two-level reduction as a minor participant if he is substantially less culpable than his co-participants. Benitez, 34 F.3d at 1498; see U.S.S.G. Sec. 3B1.2, comment. (n. 3) (describing minor participant as one who is less culpable than most other participants but more culpable than minimal participant). In determining whether a defendant was a minor participant in any criminal activity, the sentencing court must consider all relevant conduct, not just conduct cited in the count of conviction. U.S.S.G. Ch. 3, Pt. B, intro. comment.; United States v. Hatley, 15 F.3d 856, 859 (9th Cir.1994); see U.S.S.G. Sec. 1B1.3 (defining relevant conduct). A downward adjustment under Sec. 3B1.2 is to be used infrequently and only in exceptional circumstances. Davis, 36 F.3d at 1436.
 
 
 4
 Here, the district court did not clearly err in denying a minor role reduction because the facts of Durrani's case do not present exceptional circumstances. See id. During 1989, Durrani received over $200,000 for selling stolen airline tickets to Chang Pung Wong, the owner of a Los Angeles travel agency. Wong bought stolen tickets from Durrani on numerous occasions. Durrani argued that he was a minor participant because he was merely part of a large network that trafficked in stolen airline tickets. With the exception of Wong, however, the record does not contain any evidence of other co-participants' conduct. See Hatley, 15 F.3d at 859. Thus, Durrani has not met his burden of proving that he is entitled to a role adjustment. See Davis, 36 F.3d at 1436. Accordingly, the district court's refusal to grant Durrani a minor role reduction was not clearly erroneous. See Benitez, 34 F.3d at 1498.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3