116 F.3d 487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Olegario LOPEZ-VELASQUEZ, Defendant-Appellant.
 No. 96-10319.
 United States Court of Appeals, Ninth Circuit.
 Decided June 20, 1997.
Submitted June 17, 1997.**
 
 Appeal from the United States District Court for the District of Arizona, No. CR-95-00628-JMR; John M. Roll, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Olegario Lopez-Velasquez appeals his forty-six month sentence imposed by the district court after he pleaded guilty to importation of heroin, in violation of 21 U.S.C. § 952(a), and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's legal interpretation of the Sentencing Guidelines de novo, and review for clear error its denial of a minor participant adjustment under the particular facts of the offense. See United States v. Hatley, 15 F.3d 856, 859-60 (9th Cir.1994). We affirm.
 
 
 3
 Lopez-Velasquez contends that the district court misinterpreted the Guidelines by considering improper factors and erred by refusing to adjust his offense level downward for being a minor participant in the offense pursuant to U.S.S.G. § 3B1.2(b). These contentions lack merit.
 
 
 4
 Section 3B1.2(b) provides a two-level downward adjustment in offense level for a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n. 3) (1995). In making this determination of relative culpability, the sentencing court should compare the defendant's role to the "conduct of co-participants in the case at hand," rather than examining the conduct of "the hypothetical 'average participant' in the type of crime involved." United States v. Benitez, 34 F.3d 1489, 1498 (9th Cir.1994). To receive a minor role adjustment, the defendant must be "substantially" less culpable than his co-participants. See id. The defendant must prove entitlement to a minor role adjustment by a preponderance of the evidence. See United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994). In addition, the adjustment should be granted "only in exceptional circumstances." Id.
 
 
 5
 Here, while the district court mentioned Lopez-Velasquez's circumstances as compared to "mules" in drug smuggling cases generally, the district court also considered appropriate factors in evaluating the culpability of Lopez-Velasquez. The district court noted that Lopez-Velasquez attempted to smuggle 408 grams of heroin across the border concealed in the heels and soles of specially fitted boots in exchange for $3,000, an amount the court found to be "substantial." See Benitez, 34 F.3d at 1498 (affirming denial of minor participant adjustment based in part on amount of money defendant was to receive for role in offense); United States v. Sanchez-Lopez, 879 F.2d 541, 557-58 (9th Cir.1989) (same, regarding amount of drugs). Moreover, Lopez-Velasquez knew that he was transporting illegal drugs. See Davis, 36 F.3d at 1437. In imposing the sentence, the district court reiterated that it was basing its decision on the amount of money Lopez-Velasquez was to be paid and the quantity and nature of the drugs he attempted to smuggle. Cf. Williams v. United States, 503 U.S. 193, 202-03 (1992) (holding that where district court relies on both proper and improper factors in imposing sentence, remand is unwarranted if reviewing court concludes that the error did not affect the sentencing decision).
 
 
 6
 Finally, Lopez-Velasquez failed to provide any evidence that his co-participants were substantially more culpable than he was in the offense. See Davis, 36 F.3d at 1436. Accordingly, the district court did not err by refusing to grant Lopez-Velasquez a minor role adjustment under section 3B1.2(b). See id. at 1437.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3