124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Christine Marie RISER, Defendant-Appellee.
 No. 96-30339.
 United States Court of Appeals, Ninth Circuit.
 Argued Sept. 8, 1997.
Submitted Sept. 8, 1997.
Sept. 22, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. 96-30339; Ancer L. Haggerty, District Judge, Presiding.
 BEFORE: CANBY, T.G. NELSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 The United States appeals an order by the District Court of Oregon granting the Defendant/Appellee's motion to suppress evidence that police obtained during the search of her automobile. The district court held that the police improperly relied on a government informant's "pretextual consent" to search the defendant's vehicle. The district court also concluded that the automobile exception to the Fourth Amendment did not apply. We conclude that the automobile exception does justify the search in this case, and we accordingly reverse the district court's order. Because the police conducted a valid search under the automobile exception, we need not address the validity of the government informant's consent to search.
 
 II.
 
 3
 In early 1996, Jander Goicochea-Pineda ("Jander") sold cocaine on at least two occasions to Gary Fritz, an undercover government informant. Subsequently, Jander employed Fritz to assist in transporting cocaine from California to Oregon. Detective Michael Shockey, of the Clatsop County Sheriff's Office, conferred with Fritz regarding the anticipated acquisition of cocaine in California and the planned seizure of the drugs upon return to Oregon.
 
 
 4
 Early on April 19, 1996, Jander, Appellee Christina Marie Riser, Fritz, and Amy Jo Robbins (Fritz's girlfriend) met in Longview, Washington, to begin their journey to California. The foursome travelled in two cars: a Honda Accord owned by Riser, and Fritz's Subaru. Late on April 19, the group arrived in Anaheim.
 
 
 5
 The foursome stayed in California for about three days while Jander obtained cocaine and arranged for an accomplice to conceal the contraband inside the engine compartment of Riser's Honda. After some initial difficulty in securing a source for cocaine, Jander and Riser announced to Robbins that the Honda was "loaded and ready to go." On the morning of April 22, the foursome began their return trip to Oregon, again travelling in the Honda and the Subaru.
 
 
 6
 During the trip, Robbins (or possibly Fritz) used a cellular phone to contact law enforcement officials in Oregon.[1] She related that she had been informed that drugs had been obtained in California and that cocaine had been concealed in the Honda.
 
 
 7
 The law enforcement officials instructed Fritz to commit a traffic violation when he reached Roseburg, Oregon. An Oregon state trooper stopped the Honda in Roseburg. A drug detection dog alerted officers to the presence of cocaine. The officers then removed the Honda to a local garage, conducted a search, and discovered the cocaine.
 
 III.
 
 8
 "Law enforcement officers are entitled to search an automobile without first obtaining a warrant in those cases where the police 'have probable cause to believe that an automobile contains evidence of a crime....' " United States v. Hatley, 15 F.3d 856, 858 (quoting United States v. Alvarez, 899 F.2d 833, 839 (9th Cir.1990)). There is accordingly no merit to Riser's contention that the officers were required to secure a warrant because they had time to do so.
 
 
 9
 In this case, law enforcement officials possessed sufficient information to establish probable cause that Riser's Honda concealed cocaine. They knew that Jander participated in the drug trade and had recently sold cocaine to Fritz. They knew that Jander had hired Fritz to help transport cocaine from California to Oregon by driving Riser's Honda They received information from either Fritz or Robbins about the group's drug-related activities in California. Finally, law enforcement officials learned from either Fritz or Robbins that the Honda concealed cocaine under the hood. The indication of the drug-detection dog confirmed what the police had been told by their informants. Thus, their warrantless search was justified under the automobile exception to the Fourth Amendment. The fact that the traffic stop was a pretext for an automobile search justified by probable cause was irrelevant to the validity of the search."
 
 IV.
 
 10
 Because we hold that the search was valid under the automobile exception, we do not reach the issue of the propriety of Fritz's consent to search.
 
 V.
 
 11
 The order of the district court is REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Robbins testified that she made the calls. Detective Shockey testified that either Robbins or Fritz had made the calls. In either case, law enforcement officials were made aware of the foursome's drug-related activities in California