133 F.3d 931
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco TORRES-MORALES, Defendant-Appellant.
 No. 97-50308.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998**
Decided Jan. 20, 1998.
 
 Before BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Francisco Torres-Morales, a federal prisoner, appeals his 16-month sentence imposed following his guilty plea to importation of heroin (21 U.S.C. §§ 952, 960). Torres-Morales contends that the district court erred by denying a two-level downward adjustment for his minor role pursuant to U.S.S.G. § 3B1.2(b). We have jurisdiction under 28 U.S.C. § 1291. We review the denial of a downward adjustment under section 3B1.2(b) for clear error, see United States v. Hatley, 15 F.3d 856, 859-60 (9th Cir.1994), and we affirm.
 
 
 3
 The record below demonstrates that Torres-Morales knew that he was carrying drugs and admitted he had been given money to pay the source for the heroin. Accordingly, the district court did not clearly err in denying the two-level downward adjustment under 3B1.2. See id. (upholding denial of section 3B1.2 downward adjustment for minor role where the defendant "picked up what he knew to be cocaine, handed the cocaine to the informant, and received the money in return, demonstrating that he was trusted with responsibility in the deal."); see also United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994) (providing that downward adjustment for minor role should be granted "only in exceptional circumstances").
 
 
 4
 Torres-Morales also contends that the district court improperly relied on his need for drug abuse treatment in denying the two-level downward adjustment under section 3B1.2. While the district court did express concerns that Torres-Morales might not receive such treatment under the sentence recommended by the parties, the court's decision to deny a downward adjustment under section 3B1.2 was based on its finding that it was inappropriate under the facts of the case.[1]
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Torres-Morales contends that the district court erred by failing to make specific factual findings regarding his role in the offense because it did not adopt the findings contained in the presentence report. We disagree. "The district court has no duty to make a finding regarding a defendant's relative culpability; it only needs to make its resolution of disputed matters clear." Davis, 36 F.3d at 1436 (citations omitted). Here, the facts considered by the district court in denying the minor role adjustment were not disputed by the parties