UNITED STATES of America,
Plaintiff—Appellee,

v.

Mickey E. GRIFFIN, Defendant—
Appellant.

United States Of America,
Plaintiff—Appellee,

v.

Brett Coleman Coldwell, Defendant—
Appellant.

Nos. 00–30095, 00–30127.
D.C. Nos. CR–99–00098–EFS,
CR–99–00099–EFS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 2001.

Decided Feb. 16, 2001.

Before RYMER, THOMAS, and
MCKEOWN, Circuit Judges.

MEMORANDUM *

Mickey E. Griffin and Brett Coldwell
appeal denial of their motion to suppress.
We affirm.

Both contend that Sadler lacked
reasonable suspicion to stop the vehicle.
We disagree. Sadler had been told by
Customs Inspector Peterson, who lived in
one of the two houses on Similkimeen
Road, that he saw an SUV with two occu-
pants, one on either side, parked near the
gravel pit about 11:00 p.m. The road par-
allels the border some 50 yards away, and
dead-ends at the Nighthawk Port of En-
try, which is closed after 5:00 p.m. Illegal
crossings have occasionally occurred in the
area. When Sadler got to the area about
midnight, he observed brake lights going
off and on in the distance. The vehicle
reappeared several minutes later traveling
in the opposite direction (toward Sadler),
without headlights on. This sufficed for
reasonable suspicion to stop the vehicle

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts

of this circuit except as provided by 9th Cir.
R. 36–3.

for investigatory purposes. *Illinois v. Wardlow,* 528 U.S. 119, 125, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) (determination of reasonable suspicion is "based on common-sense judgments and inferences about human behavior"); *United States v. Mattarolo,* 209 F.3d 1153, 1157 (9th Cir.2000) (time of night and surrounding area can be factors).

After Sadler stopped the vehicle, Griffin got out on the passenger side and started to come toward Sadler. Ordered to go back, he did. Approaching the vehicle, Sadler noticed hockey bags in the back that had the size and shape of bags used in the area for marijuana smuggling. He also saw that the dashboard lights had been covered by a sweatshirt. Griffin did most of the talking, and appeared nervous, sweaty and thirsty. They told Sadler they were United States citizens and were fooling around. Sadler asked for consent to search, but both refused. He decided to anyway.[1] We are not firmly convinced that the district court erred in finding these facts. Added to what Sadler already knew, we agree with the district court that these further observations gave the agent probable cause to believe that the vehicle contained evidence of a crime. *See United States v. Hatley,* 15 F.3d 856 (9th Cir. 1994).

AFFIRMED.

1. We assume, without deciding, that Griffin has standing to challenge the search.