UNITED STATES of America, Plaintiff—Appellant,

v.

Kasia V. COLLINS, a/k/a Kasia Victoria Collins a/k/a Kasia Victoria Tune, Defendant—Appellee.

No. 01–30124.
D.C. No. CR–00–00195–WFN.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 8, 2002.

Decided Jan. 11, 2002.

Before THOMAS, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM *

The United States appeals the sentence imposed upon Kasia Collins by the district court. We review the district court's interpretation of the Sentencing Guidelines *de novo*, its application of the Guidelines to the facts for an abuse of discretion and its determination of the underlying facts for clear error. *United States v. Rojas–Millan*, 234 F.3d 464, 472 (9th Cir.2000). We affirm.

I

The district court granted Collins a two-point downward adjustment as a minor participant in a criminal activity pursuant to U.S.S.G. § 3B1.2(b). The United States contends that the district court erred by assessing Collins' relative role in the entire criminal scheme that was subject of the government prosecution, rather than her role in the offense with which she was charged, namely unlawfully conducting a financial transaction involving proceeds from the manufacture and distribution of methamphetamine, in violation of 18 U.S.C. § 1956(a)(1).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

As we have previously held, the Guidelines "permit district courts to consider all relevant conduct, including collateral conduct beyond the charged offense." *United States v. Webster*, 996 F.2d 209, 212 (9th Cir.1993); *see also United States v. Hatley*, 15 F.3d 856, 859 (9th Cir.1994). Given that Collins was originally charged with other defendants for conspiracy to manufacture in excess of 500 grams of methamphetamine, the district court did not abuse its discretion by considering the larger criminal scheme in determining her relative role. The fact that Collins pleaded guilty to a less serious offense than the ones originally charged does not preclude the district court from granting a downward adjustment based on her role in the overall scheme. *United States v. Demers*, 13 F.3d 1381, 1383 (9th Cir.1994).

II

Under U.S.S.G. § 5K1.1, the district court may depart from the Sentencing Guidelines if the government files a motion "stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." U.S.S.G. § 5K1.1. This section "gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted." *United States v. Wade*, 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). A district court may grant a downward departure under § 5K1.1 in the absence of a motion by the government in the rare circumstance in which the "prosecutor's refusal to move was not rationally related to any legitimate Government end." *Wade*, 504 U.S. at 186, 112 S.Ct. 1840. Given the factual findings of the district court, which are not clearly erroneous, the district court reasonably could have determined that the government's decision not to make a downward departure motion in this case "was not rationally related to any legitimate Government end." *Id.* Thus, we conclude that the district court did not abuse its discretion in granting the downward departure.

AFFIRMED.