**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50323 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00178-FMO-1 |
| v. | |
| FENG XIAN, AKA Andy Feng, AKA Andy Xian, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted May 4, 2015
Pasadena, California

Before: NOONAN, WARDLAW, and MURGUIA, Circuit Judges.

Feng Xian entered a conditional guilty plea for access device fraud and

possession of device-making equipment in violation of federal law. He appeals the

district court's denial of his motion to suppress all evidence seized during two

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

warrantless searches of his residence, as well as all evidence seized pursuant to a search warrant obtained after those searches. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's denial of a motion to suppress based on the Fourth Amendment, *United States v. Rodgers*, 656 F.3d 1023, 1026 (9th Cir. 2011), and for clear error its factual findings, *United States v. Ruiz*, 428 F.3d 877, 880 (9th Cir. 2005). We conclude there was probable cause to search Xian's room even without the observation of the embossing machine. The other information in the affidavit, such as Detective Earley's observation that the credit card Xian used at Ralph's was "cancelled or manufactured" and of numerous credit cards on the floor of Xian's room, created a reasonable basis for the inference that "it would be reasonable to seek the evidence in the place indicated in the affidavit." *United States v. Ruiz*, 758 F.3d 1144, 1148 (9th Cir. 2014) (internal quotation marks omitted). Further, regardless of whether the affidavit supported the magistrate's probable cause determination, it was permissible for the police to search Xian's car because Detective Earley had "probable cause to believe that the vehicle contain[ed] evidence of a crime." *See United States v. Brooks*, 610 F.3d 1186, 1193 (9th Cir. 2010). Detective Earley's police report stated that he "looked in the car through the windows and saw a 'Visa' gift card on the rear seat." Given that

2

Xian had previously attempted to purchase three gift cards at Ralph's with a fraudulent credit card, and Detective Earley had just seen numerous credit cards on the floor of Xian's room, it was reasonable for Detective Earley to believe additional evidence of credit card fraud would be found in Xian's vehicle. As we may affirm for any reason supported by the record, *Serrano v. Francis*, 345 F.3d 1071, 1076-77 (9th Cir. 2003), we hold the search constitutional under the "vehicle exception" to the warrant requirement, *see United States v. Hatley*, 15 F.3d 856, 858-59 (9th Cir. 1994).

We reject Xian's claim that the search pursuant to the warrant was not a "genuinely independent source" of the evidence seized because the district court found there was enough information to support a finding of probable cause before Detective Earley conducted the first warrantless search of Xian's room. *See Murray v. United States*, 487 U.S. 533, 542 (1988). Having just arrested Xian and seen an array of credit cards on the floor in plain view, we are persuaded that Detective Earley would have sought a warrant regardless of what he saw during the subsequent illegal search, and that the magistrate would have issued the warrant, *see Serrano*, 345 F.3d at 1076-77.

**AFFIRMED.**