NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10079 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00230-GMN-DJA-1 |
| v. | |
| DEVIN THOMPSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted March 10, 2021[**]
Las Vegas, Nevada

Before: CLIFTON, NGUYEN, and BENNETT, Circuit Judges.

Devin Thompson pleaded guilty to conspiracy to distribute a controlled

substance, possession of a firearm in furtherance of a drug trafficking crime, and

possession of a firearm by a prohibited person, reserving the right to appeal the

district court's orders denying his suppression motions. On appeal, Thompson

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

argues that the district court erred in denying the suppression of evidence found in his vehicle and obtained under a wiretap order. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

"[U]nder the automobile exception, probable cause *alone* suffices to justify a warrantless search of a vehicle lawfully parked in a public place, as long as the scope of the search is reasonable." *United States v. Bagley*, 772 F.2d 482, 491 (9th Cir. 1985) (citing *California v. Carney*, 471 U.S. 386, 390–94 (1985)). It is undisputed that the police had probable cause to search Thompson's vehicle. And his vehicle was parked in a public place for Fourth Amendment purposes, as Thompson does not claim that he had any reasonable expectation of privacy in the parking lot where his vehicle was located.[1] *See United States v. Santana*, 427 U.S. 38, 42 (1976). Thus, the warrantless seizure and search of Thompson's vehicle fell within the automobile exception. *See Bagley*, 772 F.2d at 491.

Thompson argues that a separate showing of additional exigent circumstances, beyond the exigency of the inherent mobility of automobiles on which the automobile exception is partly based, is required when a vehicle is located on private property. But Thompson identifies no case that holds there is a separate exigency requirement when a vehicle is located on private property. And a car is no less mobile in a parking lot twenty feet from a public road than it is

---

[1] Thompson does not argue that the scope of the search was unreasonable.

when parked on a public road. Further, Thompson's position is undermined by the fact that "we have explicitly held that the vehicle exception applies to a search of a vehicle parked on a private driveway," *United States v. Hatley*, 15 F.3d 856, 859 (9th Cir. 1994), and by our prior application of the automobile exception to searches conducted on private property without a separate showing of exigent circumstances, *see id.* at 858–59 (car parked on defendant's property); *see also United States v. Hamilton*, 792 F.2d 837, 842–43 (9th Cir. 1986) (motor home parked in a residential driveway), *disapproved of on other grounds by United States v. Kim*, 105 F.3d 1579 (9th Cir. 1997).

We are also unpersuaded by Thompson's argument that the district court erred in determining that the 43-page affidavit showed that the wiretap was necessary. Contrary to Thompson's argument, the district court applied the correct necessity standard. *See United States v. Staves*, 383 F.3d 977, 980 (9th Cir. 2004) ("The issuing judge must determine . . . if the wiretap is necessary because normal investigative procedures, employed in good faith, have failed, would likely be ineffective, or are too dangerous."). And we agree with the district court's conclusion that, despite the presence of some conclusory language, the affidavit, as a whole, contains case-specific facts demonstrating necessity. *See United States v. Torres*, 908 F.2d 1417, 1423 (9th Cir. 1990).

Finally, Thompson argues that the district court erred by refusing to hold a

hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), to test some of the statements in the affidavit supporting the wiretap order. To establish he is entitled to a *Franks* hearing, a defendant must "make[] a substantial preliminary showing that a false statement was deliberately or recklessly included in an affidavit submitted in support of a wiretap order, and the false statement was material to the district court's finding of necessity." *Staves*, 383 F.3d at 982. Thompson identifies a few statements in the affidavit that he claims are false, but he fails to explain how they are false or how they were material to the district court's necessity determination. Thus, he has failed to show that he is entitled to a *Franks* hearing. *See id.*

**AFFIRMED.**