**NOT FOR PUBLICATION**

**FILED**

AUG 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50094 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02703-LAB |
| v. | |
| JOSE ROLANDO ROMERO-PAYAN, | MEMORANDUM [*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Jose Rolando Romero-Payan appeals from the district court's judgment and

challenges the 46-month custodial sentence and 5-year term of supervised release

imposed following his guilty-plea conviction for conspiracy to distribute heroin, in

violation of 21 U.S.C. §§ 841(a)(1) and 846.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Romero-Payan contends that the district court erred by denying a minor role reduction under U.S.S.G. § 3B1.2(b). Contrary to Romero-Payan's contention, the district court did not erroneously compare Romero-Payan to a hypothetical drug courier rather than actual participants in the organization. *See* U.S.S.G. App. C Amend. 794; *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) (clarifying that proper point of comparison is other participants in the crime rather than hypothetical average participant). Instead, the district court specifically asked Romero-Payan to identify the other known participant to whom he should be compared and then endeavored to compare him to that participant. The district court also appropriately considered all relevant facts regarding the charged offense and the drug-trafficking organization as a whole. *See* U.S.S.G. § 3B1.2 cmt. n.3(C); *United States v. Hatley*, 15 F.3d 856, 859-60 (9th Cir. 1994).

Romero-Payan next contends that the district court procedurally erred by failing to calculate the applicable Guidelines range for supervised release and failing to provide an adequate explanation for the term imposed. The district court did not commit any plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). Although a district court's failure to calculate the applicable Guidelines range may constitute plain error, *see United States v. Hammons*, 558 F.3d 1100, 1105 (9th Cir. 2009), it is clear from the record that the

district court was aware of the applicable supervised release Guidelines range, which the presentence investigation report, Romero-Payan's own sentencing memorandum, and the government's sentencing chart all correctly reflected. Romero-Payan, therefore, has not shown a reasonable probability that he would have received a different sentence had the district court explicitly calculated the Guidelines range for supervised release. *See United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008). In addition, the district court's explanation that a five-year term of supervised release was necessary for added deterrence, when viewed in the context of the record as a whole, was a sufficient explanation for the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("[A]dequate explanation in some cases may also be inferred from the PSR or the record as a whole.").

Finally, the five-year term of supervised release is substantively reasonable in light of the 18 U.S.C. § 3583(c) factors and the totality of the circumstances, including Romero-Payan's active effort to locate and work for a drug-trafficking organization. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Valdavinos-Torres*, 704 F.3d 679, 693 (9th Cir. 2012).

**AFFIRMED.**

16-50094